IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 MAR 28 A 9:51
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

DEBORAH McAFEE,

PLAINTIFF,

V.

WINN-DIXIE,

DEFENDANT.

CIVIL ACTION NO.

2:07cv268-ID

JURY DEMAND REQUESTED

## COMPLAINT

I. **JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202. This suit is authorized and instituted pursuant to Title VII of Civil Rights Act of 1964, as amended, and 42 U.S.C. § 2000e *et seq.* (Title VII). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII providing for injunctive and other relief against gender discrimination.

2. Plaintiff timely filed the charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

1

discriminatory act ("Exhibit A"). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC ("Exhibit B").

## II. PARTIES

3. Plaintiff, Deborah McAfee, hereinafter "Plaintiff," is a citizen of the United States, and a resident Randolph County, Alabama. Plaintiff was employed by Winn-Dixie.

4. Defendant, Winn-Dixie (hereafter "Defendant") is an Alabama Corporation doing business in Alabama and is an entity subject to suit under Title VII. Defendant employs at least fifteen (15) persons.

## III. STATEMENT OF FACTS

5. Plaintiff began her employment with Defendant in May of 1993. By the time of Plaintiff's termination of employment on August 25, 2006 she was Store Director.

6. As Store Director, Plaintiff's job duties, including managing the store. Plaintiff had a male co-manager, Michael Yokum (male), who would be in charge of the store in Plaintiff's absence.

7. On August 25, 2006, Plaintiff had recently returned from being out of town on business.

8. While Plaintiff was out of town on business, away from the store, her male co-manager, Yokum was in charge of the store.

9. In Plaintiff's absence, a 17 year old was hired. Plaintiff had no knowledge of the incident since she was out of town both during the hiring and the job placement.

10. When Plaintiff returned from her business trip on August 25, 2006, she was fired. The reason given for her termination was the fact the 17 year old was allowed to work in the deli. This was completely the responsibility of the male co-manager, Yokum.

11. Following Plaintiff's termination of employment she was replaced by a male.

12. The 17 year old, Brandon Calhoun, turned 18 on July 27, 2006, the very week that he was hired. Eighteen year olds can lawfully work in a deli.

### IV. COUNT ONE – GENDER DISCRIMINATION (TITLE VII)

13. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 12 above with the same force and effect as if fully set out in specific detail below.

14. Plaintiff was discriminated against because of her gender, female, in violation of Title VII.

15. Plaintiff was gone from the store when the 17 year old was hired. Plaintiff had no part in the assignment of the 17 year old to work in the deli area. That assignment was made by Yokum.

16. Plaintiff was replaced by a male after her termination. Plaintiff was fired for an incident for which male store managers at other locations have received no discipline at all.

17. Weekly, Defendant prints reports showing violations by store managers. Such reports clearly reflect violations of child labor laws, with no resulting discipline to the store managers, all of whom are male.

18. Defendant was motivated to fire Plaintiff because of her gender, female.

19. As a result of the illegal discrimination by Defendant, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII.

B.   Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII.

C.   Enter an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement, front-pay, back pay (plus interest) compensatory, punitive damages and/or nominal damages, injunctive and declaratory relief, and benefits.

Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD
Counsel for Plaintiff

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203
205.252.1550 – Office
205.252.1556 – Facsimile

5

## PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
OF COUNSEL

DEFENDANT'S ADDRESS:

Winn-Dixie
c/o Any Officer or Agent
1550 Jackson Ferry Road
Montgomery, AL 36104-1718

6

# EXHIBIT A

# TO PLAINTIFF'S COMPLAINT

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | FEPA | |
| | X EEOC | 4 20 2007 01440 |

_____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Deborah McAfee | (256) 363-2828 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 4017 Co. Rd. 82 | Wedowee, AL 36278 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Winn Dixie | Over 15 | (205) 296-8837 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1550 Jackson Ferry Road | Montgomery, AL 36104-1718 | Montgomery |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

RECEIVED JAN 12 2007 BIRMINGHAM DISTRICT OFFICE

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE FIRST or CONTINUING DISCRIMINATION TOOK PLACE AND DATE LAST DISCRIMINATION TOOK PLACE (Month/Day/Year): |
|---|---|
| RACE      COLOR      SEX  HARASSMENT | FIRST: August 25, 2006 |
| RELIGION  NATIONAL ORIGIN  RETALIATION | |
| AGE       DISABILITY | LAST: August 25, 2006 |
| OTHER (Specify) XXX GENDER | |

### THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s):
### Please see following page for particulars.

SSN: _____        Sex: Female        Race: White

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

_signature_ Christina Rush
Notary signature

I declare under penalty of perjury that the foregoing is true and correct.

_signature_ Deborah McAfee
Deborah McAfee
Charging Party (Signature)

Date: 1/11/07

_signature_ Deborah McAfee
Deborah McAfee
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

Date: 1/11/07

Page 2
EEOC Charge of Deborah McAfee
Social Security Number: ████████

1. My name is Deborah McAfee and I worked for Respondent from May of 1993 until August 25, 2006. At the time of my termination, my job title was Store Director. My job duties included managing all aspects of the retail grocery store.

2. On August 25, 2006, I was terminated. The reason Respondent gave for my termination was that a violation occurred when a seventeen-year-old was allowed to work in the deli at my store.

3. I had no knowledge that an underage employee was working in my store. I was out of town on company business when the person was hired and the incident occurred. Respondent had knowledge that I was out of town on business when this incident occurred.

4. A male co-manager was responsible for the store when the incident in question occurred. He was not terminated for this incident.

5. I was replaced by a male.

6. I believe I was discriminated against based on my gender, female, in violation Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED
EEOC
JAN 1 2 2007
BIRMINGHAM DISTRICT OFFICE

_____
Deborah McAfee

The foregoing instrument was acknowledged before me on 1-11-07 _____ by Deborah McAfee.

_____
Notary Public

My commission expires: MY COMMISSION EXPIRES JULY __, ____

# EXHIBIT B

# TO PLAINTIFF'S COMPLAINT

Case 2:07-cv-00268-ID-TFM   Document 1-3   Filed 03/28/2007   Page 1 of 2

EEOC Form 161 (3/98)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Deborah Mcafee<br>4017 County Road 82<br>Wedowee, AL 36278 | From: | Birmingham District Office - 420<br>Ridge Park Place<br>1130 22nd Street, South<br>Birmingham, AL 35205 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2007-01440 | Murry A. Gosa,<br>Intake Supervisor | (205) 212-2119 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____   1-23-07
Delner Franklin-Thomas,           (Date Mailed)
District Director

Enclosures(s)

cc:  David C. Netzley, II, Labor & Employment Counsel
     WINN DIXIE
     P. O. Box B
     Jacksonville, FL 32203-0297