IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**DEBORAH McAFEE,**

**PLAINTIFF,**

V.

**WINN-DIXIE,**

**DEFENDANT.**

CIVIL ACTION NO. 2:07-cv-00268-ID-TFM

UNOPPOSED

## MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW the Plaintiff by and through her counsel of record and moves this Honorable Court to allow her to amend her complaint heretofore filed in this matter, and as grounds therefore, states the following:

1. Plaintiff's Complaint in this matter was filed and has been properly served on the Defendant.

2. Defendant has answered the Complaint stating therein that the proper name of the Defendant should read, Winn-Dixie Montgomery, Inc.

3. Attached hereto as Exhibit A is Plaintiff's Amended and Restated Complaint which properly states the name of the Defendant as Winn-Dixie Montgomery, Inc.

1

NOW THEREFORE, Plaintiff moves this Honorable Court to grant the Plaintiff's Motion to Amend her complaint to change the name of the Defendant to read, Winn-Dixie Montgomery, Inc.

Respectfully submitted,

/s/ David R. Arendall

_____
DAVID R. ARENDALL
Counsel for Plaintiff

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203
205.252.1550 – Office
205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing pleading by U. S. Mail, properly addressed and first class postage prepaid on July 16, 2007, upon:

Thomas A. Davis
Jackson Lewis LLC
2001 Park Place North, Suite 650
Birmingham, AL  35203

/s/ David R. Arendall
_____
Of counsel

2

# EXHIBIT A TO

# PLAINTIFF'S MOTION

# FOR LEAVE TO

# AMEND COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEBORAH McAFEE,

PLAINTIFF,

CIVIL ACTION NO. 2:07-cv-00268-ED-TFM

V.

WINN-DIXIE MONTGOMERY, INC.,

DEFENDANT.                                            JURY DEMAND REQUESTED

## AMENDED AND RESTATED COMPLAINT

I. **JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202. This suit is authorized and instituted pursuant to Title VII of Civil Rights Act of 1964, as amended, and 42 U.S.C. § 2000e *et seq.* (Title VII). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII providing for injunctive and other relief against gender discrimination.

2. Plaintiff timely filed the charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (attached as Exhibit A to original complaint). Plaintiff further filed

1

this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (attached as Exhibit B to original complaint).

## II. PARTIES

3. Plaintiff, Deborah McAfee, hereinafter "Plaintiff," is a citizen of the United States, and a resident Randolph County, Alabama. Plaintiff was employed by Winn-Dixie Montgomery, Inc.

4. Defendant, Winn-Dixie Montgomery, Inc. (hereafter "Defendant"), is an Alabama Corporation doing business in Alabama and is an entity subject to suit under Title VII. Defendant employs at least fifteen (15) persons.

## III. STATEMENT OF FACTS

5. Plaintiff began her employment with Defendant in May of 1993. By the time of Plaintiff's termination of employment on August 25, 2006 she was Store Director.

6. As Store Director, Plaintiff's job duties, including managing the store. Plaintiff had a male co-manager, Michael Yokum (male), who would be in charge of the store in Plaintiff's absence.

7. On August 25, 2006, Plaintiff had recently returned from being out of town on business.

2

8.  While Plaintiff was out of town on business, away from the store, her male co-manager, Yokum was in charge of the store.

9.  In Plaintiff's absence, a 17 year old was hired. Plaintiff had no knowledge of the incident since she was out of town both during the hiring and the job placement.

10. When Plaintiff returned from her business trip on August 25, 2006, she was fired. The reason given for her termination was the fact the 17 year old was allowed to work in the deli. This was completely the responsibility of the male co-manager, Yokum.

11. Following Plaintiff's termination of employment she was replaced by a male.

12. The 17 year old, Brandon Calhoun, turned 18 on July 27, 2006, the very week that he was hired. Eighteen year olds can lawfully work in a deli.

### IV.  COUNT ONE – GENDER DISCRIMINATION (TITLE VII)

13. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 12 above with the same force and effect as if fully set out in specific detail below.

14. Plaintiff was discriminated against because of her gender, female, in violation of Title VII.

15. Plaintiff was gone from the store when the 17 year old was hired. Plaintiff had no part in the assignment of the 17 year old to work in the deli area. That assignment was made by Yokum.

16. Plaintiff was replaced by a male after her termination. Plaintiff was fired for an incident for which male store managers at other locations have received no discipline at all.

17. Weekly, Defendant prints reports showing violations by store managers. Such reports clearly reflect violations of child labor laws, with no resulting discipline to the store managers, all of whom are male.

18. Defendant was motivated to fire Plaintiff because of her gender, female.

19. As a result of the illegal discrimination by Defendant, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII.

B.  Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII.

C.  Enter an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement, front-pay, back pay (plus interest) compensatory, punitive damages and/or nominal damages, injunctive and declaratory relief, and benefits.

Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

/s/ David R. Arendall

DAVID R. ARENDALL
Counsel for Plaintiff

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203
205.252.1550 – Office
205.252.1556 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

/s/ David R. Arendall

OF COUNSEL

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing pleading by U. S. Mail, properly addressed and first class postage prepaid on July 16, 2007, upon:

Thomas A. Davis
Jackson Lewis LLC
2001 Park Place North, Suite 650
Birmingham, AL  35203

/s/ David R. Arendall
_____
Of counsel

6