**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| DEBORAH McAFEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:07-cv-00268-ID-TFM |
| | ) |
| WINN-DIXIE MONTGOMERY, INC. | ) |
| | ) |
| Defendant. | ) |

**<u>DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED
AND RESTATED COMPLAINT</u>**

Defendant Winn-Dixie Montgomery, Inc. (referred hereinafter as "Defendant" or "Winn-Dixie") responds to Plaintiff's Amended and Restated Complaint as follows:

**I.   Jurisdiction**

1.   Defendant admits Plaintiff seeks to invoke the jurisdiction of this Court, for the alleged relief, but denies the remaining allegations in paragraph 1 of the Amended and Restated Complaint.

2.   Defendant admits Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 11, 2007, and that the EEOC dismissed the Charge on or about January 23, 2007. All other allegations in paragraph 2 of the Amended and Restated Complaint are denied.

**II.     Parties**

3.  Defendant admits Plaintiff is a citizen of the United States but is unaware of her current residence. Defendant admits that Plaintiff was employed by Defendant. All other allegations in paragraph 3 of the Amended and Restated Complaint are denied.

4.  Defendant admits that it employs at least 15 individuals and that it does business in the State of Alabama and is subject to suit under the alleged statutes. All other allegations in paragraph 4 of the Amended and Restated Complaint are denied.

**III.    Statement of Facts**

5.  Defendant admits that Plaintiff began working for Defendant on May 5, 1993 and her last job was as a Store Director. Defendant further admits Plaintiff's employment ended on or about August 25, 2006. All other allegations in paragraph 5 of the Amended and Restated Complaint are denied.

6.  Defendant admits Plaintiff's job duties included managing a grocery store, and that other individuals assisted in managing the store at times when she was not at the location. All other allegations in paragraph 6 of the Amended and Restated Complaint are denied.

7.  Defendant denies the allegations in paragraphs 7, 8, 9, and 10 of the Amended and Restated Complaint.

8. As to Paragraph 11, Defendant admits that the next Store Director at Location 462 was Phillip Williams, but denies the remaining allegations in Paragraph 11.

9. Defendant denies the allegations in paragraph 12 of the Amended and Restated Complaint.

### IV. Count One – Gender Discrimination (Title VII)

10. Defendant adopts and reincorporates its responses to paragraphs 1 through 12 of the Amended and Restated Complaint.

11. Defendant denies the allegations in paragraphs 13, 14, 15, 16, 17, 18 and 19 of the Amended and Restated Complaint.

### V. Prayer for Relief

The remainder of the Amended and Restated Complaint contains a prayer for relief that requires neither admission nor denial. To the extent the prayer for relief is construed to allege some wrongful or discriminatory action, said action is denied. Defendant further denies that Plaintiff is entitled to any relief herein.

Defendant further asserts the following defenses:

### FIRST DEFENSE

The Amended and Restated Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

The Amended and Restated Complaint or portions thereof are barred by the applicable statute of limitations.

## THIRD DEFENSE

The Amended and Restated Complaint or portions thereof are barred in that Plaintiff has failed to meet the statutory and administrative prerequisites and/or conditions precedent to filing this action.

## FOURTH DEFENSE

To the extent that Plaintiff has failed to mitigate her damages, she is barred from recovering from Defendant.

## FIFTH DEFENSE

Notwithstanding Defendant's general denials and previous affirmative defenses herein, to the extent Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Defendant affirmatively states that it would have taken the same action in the absence of such impermissible motivating factor.

## SIXTH DEFENSE

All actions taken by Defendant were based on legitimate non-discriminatory reasons, which were not pretextual.

**SEVENTH DEFENSE**

Defendant denies that it has been guilty of any kind of conduct, which entitles Plaintiff to recover punitive damages.

**EIGHTH DEFENSE**

Plaintiff is not entitled to any award of punitive damages in that Defendant has implemented and maintained policies and practices designed and intended to prevent discrimination. Regardless, any award of compensatory or punitive damages is subject to the statutory limits on such damages.

**NINTH DEFENSE**

The Amended and Restated Complaint or portions thereof are beyond the scope of the underlying EEOC Charge of Discrimination.

**TENTH DEFENSE**

Defendant exercised reasonable care to prevent and correct promptly any alleged unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendant or to avoid harm otherwise.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by one or more of the doctrines of contributory negligence, estoppel, injury by fellow servant, or unclean hands.

## **TWELFTH DEFENSE**

Even if Plaintiff could show that any employee of Defendant acted inappropriately toward her, Defendant responds as follows: Defendant did not authorize, participate in, or otherwise ratify or adopt any of the alleged conduct which Plaintiff alleges was harassing or conduct which Plaintiff alleges was an intentional violation of the law. Nor was any of such alleged conduct beneficial to Defendant or within the line and scope of employment with defendant. Further, even if an employee of Defendant acted inappropriately toward Plaintiff, Defendant did not know or have reason to know of those alleged actions toward Plaintiff.

## **THIRTEENTH DEFENSE**

Plaintiff's claims are barred to the extent that Defendant has been unduly prejudiced by Plaintiff's failure to diligently pursue her claims against Defendant, and that the doctrine of laches applies.

Defendant hereby reserves the right to file such additional defenses as may become apparent during the course of discovery.

Wherefore, having fully answered the Amended Complaint, Defendant requests that the Amended Complaint be dismissed; and that Defendant be awarded attorneys' fees herein, plus other such general and equitable relief as this Court deems just and appropriate.

/s/ *Thomas A. Davis*
Thomas A. Davis, ASB-5877-S56T
Davist@jacksonlewis.com
**JACKSON LEWIS LLP**
2001 Park Place North, Suite 650
Birmingham, Alabama  35203
Direct Dial 205-332-3101
Facsimile  205-332-3131

Angela M. Hurley
Georgia Bar No. 379579
Hurleya@jacksonlewis.com
**JACKSON LEWIS LLP**
1900 Marquis One Tower
245 Peachtree Center Avenue NE
Atlanta, Georgia  30303
Direct Dial:  404-586-1862
Facsimile:  404-525-1173

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

This is to certify that on this the 30th day of July 2007, the undersigned served a copy of the foregoing through the Court's CM/ECF filing system, as follows:

David R. Arendall, Esq.
Allen D. Arendall, Esq.
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, AL  35203

/s/ *Thomas A. Davis*
Attorney for Defendant